# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6249 | **DATE** | 1/22/2002 |
| **CASE TITLE** | In Re: IN RE: APPLICATION OF SENECA FARMER | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Status hearing held.  Enter Memorandum Opinion And Order.  The United States' motion to vacate the September 14, 2000 order rendered in 00 L 18170 is vacated.

(11) ■ [For further detail see

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JAN 2 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 23 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | JAN 2 3 2002 | |
| LG | courtroom deputy's initials | 02 JAN 22 PM 2: 48 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE: APPLICATION OF                )      No. 00 C 6249
SENECA FARMER,                   )
                                      )      Judge John W. Darrah
          Petitioner.           )

## MEMORANDUM OPINION AND ORDER

In August 2000, petitioner, Seneca Farmer (Farmer), filed an Amended Petition to Permit

Assignment of Payments Under Structure Settlement in the Circuit Court of Will County. On

September 14, 2000, the court granted the petition. Subsequently, the United States removed the

action to this Court. Presently before the Court is the United States' Motion to Vacate the September

14, 2000 Order.

DOCKETED

JAN 2 3 2002

In August 1981, Farmer was injured as a result of alleged negligence at an army hospital at

Fort Stewart, Georgia. At the time of the alleged negligence, Farmer was one year old. Farmer's

mother filed a claim on Farmer's behalf, which the United States settled by paying a lump sum of

$55,290, placing $75,000 in a trust fund established to pay for Farmer's future medical needs, and

purchasing an annuity to provide monthly and periodic payments to Farmer throughout her life.

On April 5, 2000, Farmer filed a petition (00 L 18170) in the Circuit Court of Will County

(Circuit Court), seeking to assign certain payments owed to her under the annuity to Settlement

Funding pursuant to 215 ILCS 5/155.35. Settlement Funding is a factoring company that purchases

future installments of structured settlements from beneficiaries, such as personal injury litigants or

lottery winners. Pursuant to 215/ILCS 5/155.34, court approval is required before an insurance

company can make payments on a structured settlement of a claim for personal injury to anyone



other than the beneficiary of the settlement.

Farmer sent a copy of the April 5, 2000 petition to the United States Army Claims Service in Fort Meade, Maryland. Representatives of the Army Claims Service forwarded the petition to representatives of the United States Department of Justice in Washington D.C. The Justice Department forwarded the document to the United States Attorney's Office for the Northern District of Illinois. However, the letter was sent after April 17, 2000, the date on which Farmer obtained an order from the Circuit Court approving the assignment.

In June 2000, the United States informed Farmer that it would not consent to further assignments and directed her to provide notice of any future efforts to assign her annuity payments to the United States Attorney's Office in Chicago and to the Department of Justice in Washington, D.C.

On August 18, 2000, Farmer filed an Amended Petition Pursuant to 215 ILCS 5/155.34 to Permit Assignment of Payments Under Structure Settlement in the Circuit Court, seeking to assign additional payments not covered by the April 17, 2000 order. In this amended petition, Farmer sought court approval for her proposed assignment of an additional twenty-four monthly payments of $2,000 each to Settlement Funding.

On September 14, 2000, the Circuit Court granted Farmer's amended petition. Farmer did not serve the United States Attorney's Office or the Attorney General with amended petition, as directed. The Army Claims Service also did not receive a copy of the amended petition or the September 14, 2000 order (Order). On September 18, 2000, the United States received notice of the amended petition and the September 14, 2000 order when a representative of AGAIC[1] forwarded

---

[1]The United States does not indicate the proper name of AGAIC.

a copy of the Order to the United States Attorney's Office.

After learning of the amended petition and the Order, the United States removed the cause of action to this Court and presently seeks to vacate the Order. Farmer was given until November 27, 2001, to file a response to the present motion. No response was filed.

Following removal of a state action to federal court, the federal court may vacate an order entered by the state court. *See Payne v. Churchich*, 161 F.3d 1030, 1037 (7th Cir. 1998). Once removed to federal court, federal procedure governs the cause of the action. *See Alonzi v. Budget Const. Co.*, 55 F.3d 331, 333 (7th Cir. 1995).

A judgment may be deemed void if the rendered judgment was entered in a manner inconsistent with due process of law. *Grun v. Pneume Abex Corp.*, 163 F.3d 411, 423 (7th Cir. 1998) (*Grun*). Generally, due process of law requires that all the litigants be given notice and an opportunity to be heard. *Grun*, 163 F.2d at 423.

The United States alleges that it was not given notice of the amended petition and that it was unable to contest Farmer's amended petition, as it would have, if proper notice had been given. Farmer has filed nothing to dispute the allegation that she failed to give the United States proper notice of the amended petition. Accordingly, the September 14, 2000 order approving Farmer's amended petition was rendered in a manner inconsistent with due process and is void.

For the reasons stated above, the United States' Motion to Vacate the September 14, 2000 Order of the Circuit Court of Will County is granted. The September 14, 2000 order rendered in 00 L 18170 is vacated.

Dated: January 22, 2002

JOHN W. DARRAH
United States District Judge

3